EASTERN DIST.
March, 1838.

HUTCHISS,
TUTOR, ETC.
vs.
DODD ET AL. cated by the titles themselves, although the defendant appears to have taken possession without opposition.

The appellee demands that we should reverse the judgment, and award damages against the defendant. Under the circumstances of the present case, we think the plaintiff not entitled to recover damages.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## HUTCHISS, TUTOR, &c. vs. DODD ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST BATON
ROUGE.

A judgment, without the reasons upon which it was rendered, is at least *voidable*. The constitution requires also, a reference to the law on which it is founded, when it is *possible;* and when it does not appear, the presumption arises, that it was not possible to give it.

It cannot be *presumed,* that a judge was ignorant of the grounds on which he rendered judgment, and the constitution requires them in every case.

So, where a judgment was unconstitutional and void, for want of reasons, and the judgment below had been rendered without evidence, or the evidence failed to come up with the record; *Held,* that the Supreme Court in such cases cannot pronounce the judgment which should have been given below, but will remand the cause for further proceedings.

This is an action instituted in the Court of Probates, by the tutor of the minors Hacket, against the puchasers, to annul a sale of minors' property, sold by the parish judge, as auctioneer; and which the plaintiff alleges, was made without the formalities of law, and is null and void. He prays judgment, annulling the sale, and for an order requiring the

property to be resold, in strict conformity with the law relating to the sale of minors' property.

EASTERN DIST.
March, 1838.

HUTCHISS,
TUTOR, ETC.
vs.
DODD ET AL.

The defendants made default, and final judgment was entered up as follows:

"In this case, more than three judicial days having elapsed, since judgment by default was rendered against the defendants, and the said defendants having failed to answer within the legal delay, it is ordered, adjudged and decreed, that the said judgment by default, be now made final against the said defendants, with costs."

There was a statement of facts, signed by the judge of probates, stating, that certain documents were submitted in evidence, but were not in the records.

The plaintiff appealed from this judgment.

*Davis*, for the appellant, contended, that the judgment was erroneous, in not annulling the sale, as the law was clear, that the sale of minors' property without pursuing the formalities prescribed, is null. *Louisiana Code*, 337.

2. A new sale of the property should be ordered; the sale proceeded in according to law ; and the recommendation of the family meeting, specifying the manner it was to be divided and sold.

*Martin, J.,* delivered the opinion of the court.

The plaintiff, as tutor of the minor heirs of Hacket, brought the suit, to set aside the sale of the plantation of the deceased, adjudicated to the defendants, on the ground, that the adjudication had been illegally made, and prayed that a second sale might be proceeded to, and be made of the premises in question, according to law.    The defendants failed to answer; judgment by default was taken, and in due time made final.    The plaintiff appealed.

The final judgment contains none of the reasons on which it was rendered ; nor does it refer to any law.    It was rendered, without the production of any evidence in support of the claim of the heirs.    A judgment which contains none of the reasons on which it was rendered, is at least voidable.

A judgment without the reasons upon which it was rendered, is at least *voidable.*    The constitution requires also a reference to the law on which it is founded, when *it is possible*, and when it does not appear the presumption arises, that it was not possible to give it.

It cannot be *presumed* that a judge was ignorant of the grounds on which he rendered judgment, and the constitu-

EASTERN DIST. The want of a reference to a law authorizing it, may be
*March*, 1838. justified, on the presumption, that the judge had not the law
at hand, or even was ignorant of it. This reference, the
HYDE
AND GOODRICH constitution requires, *as often as it is possible,* and when it
*vs.* does not appear, we are to presume, that the judge was una-
SMITH ET AL. ble to make it. But we cannot presume, that a judge could
tion requires be ignorant of the grounds on which he rendered his judg-
them in every
case. ment, and the constitution requires a statement of them in
So, where a every case. The judgment, therefore, is unconstitutional ;
judgment was
unconstitutional and it is not in our power to pronounce the judgment which
and void, for the court ought to have rendered, because the judgment by
want of reasons,
and the judg- default could not be made final, without evidence being
ment below had
been rendered adduced in support of the claim of the plaintiff, and this evi-
without evi-
dence, or the dence, if any was given, does not come up with the record.
evidence failed
to come up with
the record: *Held,* It is, therefore, ordered, adjudged and decreed, that the
that the Supreme
Court in such judgment of the Court of Probates be annulled, avoided and
cases cannot pro-
nounce the judg- reversed ; the judgment of the court rendering the default
ment which
should have been final, set aside, and the case remanded for further proceedings
given below,
but will remand according to law ; the appellee paying the costs on the
the cause for
further proceed- appeal.
ings.